1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GABRIEL J. BRADWAY,                        No.  2:21-cv-0986 KJM KJN P

12                   Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   DR. YASHODARA RAO,

15                   Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254, and paid the filing fee.  Petitioner claims that he should be released

19   from custody because of the COVID-19 pandemic.  For the reasons set forth below, it is

20   recommended that the petition be dismissed because petitioner's claims are not cognizable in

21   federal habeas.

22   Screening

23          Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct

24   a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

25   Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and

26   any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.

27   ////

28   ////

                                         1

1   The Petition

2          Petitioner claims he is challenging a 2001 conviction in the San Diego County Superior

3   Court, and is serving a prison sentence of life without the possibility of parole.  (ECF No. 1 at 2.)

4   However, his claims for relief are focused on conditions of confinement.  First, he claims he

5   should be released from custody based on the COVID-19 pandemic.  (Id. at 3.) Petitioner argues

6   that his continued incarceration poses an unreasonable threat in light of the COVID-19 pandemic

7   because it is impossible to maintain social distancing with dorm and double cell housing.  Second,

8   petitioner contends he is subjected to "grossly inadequate mental health treatment," and that Dr.

9   Rao is deliberately indifferent to petitioner's OCD and anxiety diagnoses, apparently by refusing

10  to order single-cell housing for petitioner.  (ECF No. 1 at 4.)

11  Conditions of Confinement

12         "Federal law opens two main avenues to relief on complaints related to imprisonment: a

13  petition for habeas corpus, [pursuant to] 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C.

14  § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  "Challenges to the

15  validity of any confinement or to particulars affecting its duration are the province of habeas

16  corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on

17  circumstances of confinement may be presented in a § 1983 action."  Muhammad, 540 U.S. at

18  750.

19         Even though petitioner seeks release, the allegations presented in the petition relate to the

20  conditions of his confinement rather than the validity or duration of his sentence or conviction.

21  "Habeas is not available for review of the conditions of confinement," therefore, petitioner's

22  claims are more properly brought in a § 1983 action.  See Johnson v. Jared, No. 2:20-cv-0934

23  KJM AC P, 2020 WL 4507439 (E.D. Cal. May 18, 2020), findings and recommendations

24  adopted, 2020 WL 4501743 (E.D. Cal. Aug. 5, 2020) (dismissing habeas petition alleging

25  petitioner should be released due to COVID-19 because the claims alleged were more

26  appropriately brought in a § 1983 action); Bowman v. California, No. EDCV 19-00184 RGK

27  (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (finding exclusive vehicle for

28  claims related to adequacy of medical care is a § 1983 claim even though petitioner sought

1   release from custody); <u>Dilbert v. Fisher</u>, No. 1:20-cv-1835 DAD JLT (HC), 2021 WL 540379 at

2   *2 (E.D. Cal. Jan. 11, 2021), <u>findings and recommendations adopted</u>, 2021 WL 1721397 (E.D.

3   Cal. Apr. 30, 2021) (dismissing petition arguing for release based COVID-19 and petitioner's

4   high-risk medical designation because claim was more appropriately brought under § 1983).

5   Because petitioner's claims are more properly brought in a § 1983 action, the court will

6   recommend that the petition be dismissed.

7   <u>Possible Conversion</u>

8        In an appropriate case, a district court may convert a habeas petition into a civil rights

9   complaint.  <u>Nettles v. Grounds</u>, 830 F.3d 922, 935-36 (9th Cir. 2016) (*en banc*).  However, the

10  undersigned declines to convert this action because there are several significant differences in a

11  proceeding in habeas corpus compared to a civil rights action.  For instance, the filing fee for a

12  habeas petition is $5.00, which petitioner paid.  However, for civil rights cases, the fee is $402.00.

13  A prisoner who is willing to file a habeas petition for $5.00 might feel otherwise about filing a

14  civil rights complaint for $402.00.

15       Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to

16  state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

17       Finally, court records reflect that petitioner is already pursuing a § 1983 action against Dr.

18  Rao, which is presently pending.  <u>Bradway v. Rao</u>, 2:20-cv-0436 KJN (E.D. Cal.).[1]

19       Based on the differences between habeas and civil rights cases, as well as petitioner's

20  pending § 1983 action, the court declines to convert this action to a civil rights case.

21       The undersigned recommends that the petition be dismissed without leave to amend, but

22  without prejudice to enable petitioner to raise his claims in a § 1983 or other appropriate action.

23       Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed without

24  prejudice to filing his claims in a new action.

25

26  [1]  A court may take judicial notice of court records.  <u>See</u>, <u>e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285
    F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
27  within and without the federal judicial system, if those proceedings have a direct relation to
    matters at issue") (internal quotation omitted).
28

1          These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, petitioner may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

6    he shall also address whether a certificate of appealability should issue and, if so, why and as to

7    which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

8    applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

9    § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

10   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

11   1991).

12   Dated:  November 24, 2021

13

14                                                         KENDALL J. NEWMAN
                                                           UNITED STATES MAGISTRATE JUDGE

15   /brad0986.156

16

17

18

19

20

21

22

23

24

25

26

27

28

4